IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

BLAKE SANDLAIN,

    Petitioner,

v.                              CIVIL ACTION NO. 1:22-00304

FCI MCDOWELL WARDEN,

    Respondent.

## MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Aboulhosn submitted to the court his Proposed Findings and Recommendation ("PF&R") on January 23, 2024, in which he recommended that the court deny Sandlain's petition for writ of habeas corpus and remove this case from the court's active docket.

In accordance with the provisions of 28 U.S.C. § 636(b), petitioner was allotted fourteen days and three mailing days in which to file any objections to Magistrate Judge Aboulhosn's Findings and Recommendation. The failure of any party to file such objections within the time allowed constitutes a waiver of such party's right to a de novo review by this court. Snyder v.

Ridenour, 889 F.2d 1363 (4th Cir. 1989). Petitioner timely submitted objections to the PF&R. See ECF No. 18.

Petitioner is currently serving a 180-month term of imprisonment, imposed in 2015, by the United States District Court for the Eastern District of Michigan. See ECF No. 2; United States v. Sandlain, No. 24-1680, 2025 WL 476247, at *1 (6th Cir. Feb. 10, 2025). The instant petition was filed while Sandlain was an inmate at FCI McDowell in the Southern District of West Virginia. In his petition, Sandlain argued that the Bureau of Prisons ("BOP") was discriminating against him and running afoul of the First Step ("FSA") by not allowing his participation in the BOP's Life Connections Program while incarcerated.

"Congress enacted the FSA in 2018 which, among other mechanisms, established a system of time credits and provided eligible inmates the opportunity to earn those credits for participating in evidence-based recidivism reduction programming and productive activities. 18 U.S.C. § 3632(d)(4)(A). Under the FSA, the time credits can be applied toward earlier placement in pre-release custody or supervised release. Id. § 3632(d)(4)(C)." Valladares v. Ray, 130 F.4th 74, 79 (4th Cir. 2025). The Life Connections Program has been designated as an Evidence Based Recidivism Reduction ("EBBR") Program. See ECF No. 10-1 at 2, 3. Therefore, eligible inmates participating in

2

the program are able to earn First Step Act Time Credits ("FTC"). See ECF No. 10-1 at 3.

The Life Connections Program is a residential program offered at select BOP institutions. See ECF No. 10-1 at 2. It is open to those of all faiths and those who have no religious background. See ECF No. 10-1 at 2.

While at FCI McDowell, Sandlain asked for a transfer to a BOP facility offering the Life Connections Program. See ECF No. 10-1 at 5. When his request was denied, Sandlain alleged he was discriminated against and being denied the opportunity to earn FTC credits. See id. Sandlain was informed that his request was denied because he did not meet the program's eligibility requirement that he be within 24 to 36 months of his release date. See id.

In his PF&R, Magistrate Judge Aboulhosn explained that discrimination claims are not cognizable in § 2241 proceedings; why Sandlain's claim of discrimination had no merit; and why that there is no merit to Sandlain's argument that the 24-to-36 month eligibility criterion runs afoul of the FSA. In his objections, Sandlain disagrees, maintaining that the "requirement of (24) to (36) months the BOP is requiring an inmate to be within to participate in the Life Connections Program is conflicting with the clear language of Congress." ECF No. 18 at 2. The statutory note that Sandlain references

3

does support Sandlain's argument and his objection is without merit.

Under Sandlain's reading of the FSA, the BOP may not impose eligibility criteria on EBBR programs because prisoners have a liberty interest in participating in such programs. However, as explained in the PF&R, a majority of courts to consider the issue have concluded that there is no such liberty interest in the opportunity to earn FSA credits. See ECF No. 17 at 12-13; see also Sedlacek v. Rardin, No. 24-1254, 2025 WL 948485, at *1 (6th Cir. Jan. 21, 2025) ("Courts have routinely held that a federal prisoner does not have a liberty interest in receiving credits under the FSA . . . We agree that because the FSA earned-time credits are conditional, they do not create a liberty interest.") (citations omitted).

In any event, Sandlain's petition is moot. Sandlain asks to be allowed to participate in the BOP's Life Connections Program. It appears that Sandlain has already received the relief sought herein as he participated in the Life Connections Program in 2023. See United States v. Sandlain, No. 24-1680, 2025 WL 476247, at *2 (6th Cir. Feb. 10, 2025) (noting that Sandlain's participation "in a 2023 BOP Life Connections Program"); see also ECF No. 269 in 2:14-cr-20283-GAD-RSW (E.D. Mich.) at 4, 7 (indicating that, as of October 27, 2023,

4

Sandlain was "presently participating in the faith-based Life Connections Program (LCP) at FCI Milan").

> Article III limits a federal court's jurisdiction to "Cases" or "Controversies." U.S. Const. art. III, § 2. But whether a suit is a "case" or "controversy" is not measured solely at the time the litigation began; instead, "an actual controversy must be extant at all stages of review." Preiser v. Newkirk, 422 U.S. 395, 401 (1975). The doctrine of mootness establishes that federal courts lack jurisdiction "[w]hen a case or controversy ceases to exist—either due to a change in the facts or the law." Porter v. Clarke, 852 F.3d 358, 363 (4th Cir. 2017). And a case or controversy ceases to exist "when it is impossible for a court to grant any effectual relief whatever to the prevailing party." Knox v. Serv. Emps. Int'l Union, Loc. 1000, 567 U.S. 298, 307 (2012) (internal quotations omitted).

Lopez-Sorto v. Garland, 103 F.4th 242, 248 (4th Cir. 2024). "'[E]ffectual relief'" . . . turns on what relief the party is seeking." Id.

In this case, Sandlain sought to force the BOP to allow him to participate in the Life Connections Program. After the case was filed, petitioner was transferred to FCI Milan and was accepted into the Life Connections Program. Accordingly, Sandlain has received the relief requested in his petition, rendering his petition moot and subject to dismissal. See, e.g., McKinney-Bey v. Hawk-Sawyer, No. 03-6455, 69 F. App'x 113, *1 (4th Cir. May 29, 2003) ("Appellant sought an immediate transfer from prison to a halfway house and monetary damages for delaying his transfer. A review of the record indicates that

5

Appellant received the transfer on April 30, 2003; thus, his request for habeas relief is moot.").

The court has reviewed the PF&R in its totality and agrees with its analysis that petitioner's claims are without merit for the reasons explained therein.  The court, therefore, adopts the Findings and Recommendation of Magistrate Judge Aboulhosn. However, for the reasons expressed herein, petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 is **DISMISSED** as moot and the Clerk is directed to remove this case from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that the governing standard is not satisfied in this instance.  Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to counsel of record and unrepresented parties.

**IT IS SO ORDERED** this 26th day of September, 2025.

ENTER:

*David A. Faber* (signature)

David A. Faber
Senior United States District Judge